# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

```
************************************
                                    *
TIMOTHY MURPHY                      *
                                    *
Plaintiff,                          *
                                    *    CASE NO: 1:21-CV-00197
       v.                           *
                                    *
SMITHFIELD PLUMBING &               *
HEATING SUPPLY CO., INC. and        *    JURY TRIAL DEMANDED
FAMILY TREE, LLC                    *
                                    *
Defendant.                          *
                                    *
************************************
```

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, Timothy Murphy, by and through his attorneys, Waystack Frizzell, Trial Lawyers, and hereby alleges as follows:

## PARTIES AND JURISDICTION

1. Timothy Murphy ("Mr. Murphy") is a resident of the Town of Gorham, County of Coös, and State of New Hampshire, with a mailing address of 8 Normand Avenue, Gorham, New Hampshire 03581.

2. Family Tree, LLC ("Family Tree") is a Rhode Island limited liability company. It owns property at 39 NH Route 16, Intervale, New Hampshire 03845 (hereinafter referred to as "the premises"). Family Tree LLC's mailing address is 47 Wood Road, Chepachet, Rhode Island 02814.

3. Terilyn Colaluca is the sole member of Family Tree, LLC and is a resident of the Town of Chepachet, County of Glocester, and State of Rhode Island, with a mailing address of 47 Wood Road, Chepachet, Rhode Island 02814.

4. Smithfield Plumbing & Heating Supply Co., Inc. ("Smithfield Supply") is a for Profit Corporation based in Greenville, Rhode Island and is registered to do business as a foreign corporation in the state of New Hampshire. Smithfield Supply's principal place of business is located at 1 Austin Avenue, Greenville, RI 02828, and it has a registered agent in New Hampshire at PO Box 86, 656 Route 3 South, Twin Mountain, NH 03595.

5. Plaintiff alleges an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the plaintiff and all defendants.

## ALLEGATIONS OF FACT

7. Family Tree owns commercial real estate located at 39 NH Route 16 and 302 White Mountain Highway, Intervale, New Hampshire.

8. The property includes a commercial supply store, open to the general public, known and operated as the Smithfield Plumbing & Heating Supply Co., Inc.

9. On the morning of January 6, 2020, Plaintiff was a customer of Smithfield Supply's establishment.

10. On the morning of January 6, 2020, Plaintiff stepped out of his truck onto the parking lot of the premises, slipped on an untreated accumulation of snow and ice on the parking lot, and fell to the ground.

11. As a result of Plaintiff's fall, Plaintiff suffered significant and severe injuries, including but not limited to a quadriceps tendon rupture in his left leg and other injuries as more fully set forth below.

## **COUNT I—NEGLIGENCE (DEFENDANT FAMILY TREE)**

12. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

13. At all times material hereto, Family Tree had a duty to properly maintain its premises in a reasonably safe manner. Specifically, Family Tree had a duty to maintain its parking lot in a safe condition to ensure that Mr. Murphy and other business invitees would not be caused to slip and fall as a result of an untreated accumulation of snow and ice which existed and which was known or should have been known to Family Tree.

14. Yet, nevertheless, Family Tree breached its duties to Mr. Murphy in that it failed to properly maintain its parking lot in a reasonably safe manner, failed to prevent the accumulation of snow and ice on its parking lot, failed to remove or treat accumulated snow and ice from its parking lot, and failed to warn Mr. Murphy of a dangerous icy, slippery condition.

15. As a direct and proximate result of the negligence of Family Tree, Mr. Murphy slipped on snow and ice on Family Tree's premises and sustained severe, painful, and permanent injuries, including, without limitation, a quadriceps tendon rupture in his left leg, and other injuries, requiring Mr. Murphy to incur hospital and other medical care and expenses (past, present, and future), lost wages (past, present, and future), physical and mental pain and suffering (past, present, and future), temporary and permanent impairment, loss of enjoyment of life/hedonic damages (past, present, and future), mileage and transportation expenses, and other injuries and losses.

16. Said losses are all to the damage of Mr. Murphy, as he says, in serious and substantial amounts within the jurisdictional limits of this Court.

17. Wherefore, Mr. Murphy demands a trial by jury and an award of damages from Defendant Family Tree, LLC.

### **COUNT II—NEGLIGENCE (DEFENDANT SMITHFIELD SUPPLY)**

18. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

19. At all times material hereto, Smithfield Supply had a duty to properly maintain its premises in a reasonably safe manner. Specifically, Smithfield Supply had a duty to maintain its parking lot in a safe condition to ensure that Mr. Murphy, and other business invitees, would not be caused to slip and fall as a result of an untreated accumulation of snow and ice which existed and which was known or should have been known to Smithfield Supply.

20. Yet, nevertheless, Smithfield Supply breached its duties to Mr. Murphy in that it failed to properly maintain its parking lot in a reasonably safe manner, failed to prevent the accumulation of snow and ice on its parking lot, failed to remove or treat the accumulated snow and ice from its parking lot, and failed to warn Mr. Murphy of a dangerous icy, slippery condition.

21. As a direct and proximate result of the negligence of Smithfield Supply, Mr. Murphy slipped on snow and ice on Smithfield Supply's premises and sustained severe, painful, and permanent injuries, including, without limitation, a quadriceps tendon rupture in his left leg, and other injuries, requiring Mr. Murphy to incur hospital and other medical care and expenses (past, present, and future), lost wages (past, present, and future), physical and mental pain and suffering (past, present, and future), temporary and permanent impairment, loss of enjoyment of life/hedonic damages (past, present, and future), mileage and transportation expenses, and other injuries and losses.

22. Said losses are all to the damage of Mr. Murphy, as he says, in serious and substantial amounts within the jurisdictional limits of this Court.

23. Wherefore, Mr. Murphy demands a trial by jury and an award of damages from Defendant Smithfield Plumbing & Heating Supply Co., Inc.

**WHEREFORE, PLAINTIFF, TIMOTHY MURPHY, RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT:**

A. Grant him a trial by jury and an award of damages from Defendant Family Tree, LLC;

B. Grant him a trial by jury and an award of damages from Defendant Smithfield Plumbing & Heating Supply Co., Inc.;

C. Grant him prejudgment interest and all taxable costs; and

D. Grant him such other and further relief as may be just and equitable.

    Timothy Murphy
    By his attorneys
    *Waystack Frizzell, Trial lawyers*

Dated: March 4, 2021    /s/Rebecca A. Witmon_____
    Rebecca A. Witmon, Esquire
    N.H. Bar No. 269539
    133 Main Street, PO Box 507
    Lancaster, NH 03584
    (603) 788-4244
    rebecca@waystackfrizzell.com